UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-01982-FWS                                               Date: December 12, 2023
Title: Shirley Foose McClure v. David K. Gottlieb

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                            Attorneys Present for Defendant:

Not Present                                                                    Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING BANKRUPTCY APPEAL**

On April 13, 2023, Appellant Shirley Foose McClure ("Appellant") requested that the court indefinitely stay the proceedings until she was released by her physicians to actively participate in the case. (*See* Dkt. 13.) On May 3, 2023, the court granted in part and denied in part the stay because the Application did not "indicate the date of Appellant's heart surgery, the estimated recovery time post-operation, or the duration of the requested stay." (Dkt. 14 at 2-3.) The court continued the deadlines associated with the bankruptcy appeal by thirty days and ordered Appellant to file a status report and declaration stating: (1) whether Appellant seeks to stay or continue the proceedings; and (2) to the extent Appellant seeks a stay or continuance of the proceedings, additional information supporting the issuance of a stay or continuance, including but not limited to the date of Appellant's heart surgery; the estimated length of Appellant's recovery period; and the duration of the requested continuance or stay no later than June 2, 2023. (*Id.* at 3.)

On May 30, 2023, Appellant filed a second application to stay, stating she planned to have open heart surgery on or before June 5, 2023, and anticipated her recovery would require more time than the original eight-to-ten-week estimate given the nature and complexity of the surgery. (Dkt. 15 at 4-5.) On June 6, 2023, the court granted in part the second application and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:23-cv-01982-FWS | Date: December 12, 2023 |
| Title: Shirley Foose McClure v. David K. Gottlieb | |

continued the deadline to file an opening brief and related documents for Appellant's bankruptcy appeal no later than October 6, 2023. (Dkt. 16 at 3.)

On June 30, 2023, Appellee David K. Gottlieb ("Appellee") filed a notice of suggestion of death as to Appellant. (Dkt. 17.) On September 5, 2023, the court ordered Appellee to (1) serve Appellant's successor-in-interest, Jason McClure, with the notice of suggestion of death in accordance with Federal Rule of Civil Procedures 25(a)(3); and (2) file proof of service with the court no later than September 19, 2023. (Dkt. 18.) The court also continued the deadline to file the documents necessary to perfect the bankruptcy appeal to November 3, 2023. (*Id.* at 2.) On September 11, 2023, Appellee filed proof of service of the notice of suggestion of death on Mr. McClure. (Dkt. 19.) Mr. McClure has not appeared or filed any documents in this matter to date. (*See generally* Dkt.)

Federal Rule of Civil Procedure 25, governing substitution of parties, provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

The Ninth Circuit has interpreted Rule 25(a) as "requir[ing] two affirmative steps in order to trigger the running of the 90 day period." *Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir. 2019) (quoting *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)). "First, a party must formally suggest the death of the party upon the record," and "[s]econd, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Id.* (quoting *Barlow*, 39 F.3d at 233).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-01982-FWS                                                                 Date: December 12, 2023
Title: Shirley Foose McClure v. David K. Gottlieb

In this case, the court finds both steps have been completed. First, Appellee filed a formal notice of suggestion of death on June 30, 2023. (Dkt. 17.) Second, Appellee served the nonparty successor or representative of the deceased, Mr. McClure, on September 11, 2023. (Dkt. 19.) As of the date of this Order, no party or non-party has filed a motion for substitution or requested an extension to do so. (*See generally* Dkt.) Therefore, because ninety days have elapsed since the date of service, the court **DISMISSES** this appeal **WITHOUT PREJUDICE** in accordance with Federal Rule of Civil Procedure 25. *See Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1096 (9th Cir. 2017); *Gilmore*, 936 F.3d at 865.

**IT IS SO ORDERED.**

                                                                                                              Initials of Deputy Clerk:  mku